IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Odis Rhoden, #199257, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 4:17-1044-HMH-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Ridgeland Correctional Institution, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Odis Rhoden ("Rhoden"), proceeding pro se, alleges a violation of 42 U.S.C. § 1983. Rhoden alleges that Ridgeland Correctional Institution ("RCI") failed to provide adequate security to protect its inmates, which resulted in him being attacked and severely injured. (Compl. 4, ECF No. 1.) In his Report and Recommendation, Magistrate Judge Rogers recommends dismissing this case without prejudice and without issuance of service of process because RCI is not a "person" subject to suit under § 1983. (R&R 4, ECF No. 7.)

Rhoden filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Rhoden's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Rhoden specifically objects that the magistrate judge erred in finding that RCI is not a proper defendant. (Objs. 3, ECF No. 15.) Further, Rhoden argues that he has sufficiently pled a claim against RCI for failure to protect. (Id. at 3-4, ECF No. 15.)

Under § 1983, Rhoden must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To establish a claim for failure to protect, Rhodes must show: "(1) serious or significant physical or emotional injury, and (2) that the prison officials had a sufficiently culpable state of mind." Rodgers v. Doss, 1:13cv987 (GBL/TFA), 2013 WL 12099298, at *2 (E.D. Va. Dec. 19, 2013) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)) (internal quotation marks and citations omitted).

In the instant case, the magistrate judge did not err in recommending dismissal. RCI is not a proper person subject to suit under § 1983 and Rhoden has failed to identify any specific individuals in support of his claim. Harden v. Green, No. 01-6393, 2001 WL 1464468, at *4 (4th Cir. Nov. 19, 2001) (per curiam); Garvin v. Owen, C.A. No. 2:09-202-HMH-RSC, 2009 WL

2

653007, at *4 (D.S.C. Mar. 12, 2009) (unpublished).  As a result, Rhoden's objection is without merit.

Based upon the foregoing, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Rhoden's complaint, docket number 1, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                       s/Henry M. Herlong, Jr.
                                       Senior United States District Judge

Greenville, South Carolina
June 19, 2017

# NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.